**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| GARY BENCIVENGO and<br>SUZANNE BENCIVENGO, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 2:16-cv-03200-DCN |
| vs. | )<br>)<br>) | **ORDER** |
| JEWELRY INSURANCE<br>BROKERAGE OF NORTH AMERICA<br>and STATE NATIONAL INSURANCE<br>COMPANY, INC., | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

This matter comes before the court on plaintiffs Gary Bencivengo and Suzanne Bencivengo's ("the Bencivengos") motion to remand. For the reasons set forth below, the court denies the motion to remand.

## I. BACKGROUND

The instant suit arises from a jewelry loss. In 1989, Gary Bencivengo gave a diamond engagement ring to Suzanne Bencivengo that was insured for $23,808.00 by defendants Jewelry Insurance Brokerage of North America, an insurance broker company headquartered in Kentucky, and State National Insurance Company, Inc., a Texas insurance company (collectively "defendants").[1] The Bencivengos allege that the center diamond fell out of the ring and was lost, but defendants denied the Bencivengos' claim against the insurance policy.

---

[1] Jewelry Insurance Brokers of North America is an insurance brokerage and general management company that underwrites and administers certain policies of personal jewelry insurance issued by State National Insurance Company. For the purposes of this motion, defendants' interests are aligned.

1

The Bencivengos filed an initial complaint in the Georgetown County Court of Common Pleas for breach of contract, estoppel, and insurer bad faith on November 9, 2015. In this initial complaint, the Bencivengos asked for actual damages of $23,808.00 and for an unspecified amount of consequential and punitive damages. After an early mediation, defendants served a request for admissions on the Bencivengos asking whether the Bencivengos were seeking more than $75,000 in damages. On August 23, 2016 the Bencivengos filed an amended complaint that added a cause of action for negligent misrepresentation, and changed the prayer of relief to ask for a declaratory judgment declaring the "wear and tear" policy exclusion to be ambiguous and therefore void. The amended complaint also added a cause of action for negligent misrepresentation. On September 15, 2016, the Bencivengos submitted responses to the Requests for Admission denying that they were seeking a maximum of $75,000 in damages, and that the amount of damages could potentially exceed $75,000. On September 22, 2016, defendants removed the case to this court.

The Bencivengos filed the present motion to remand on September 30, 2016, and defendants responded on October 17, 2016. This motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

As the parties seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal

jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted).

### III. DISCUSSION

The Bencivengos move to remand, arguing that defendants' failure to remove within thirty days of the filing of the original complaint makes the Notice of Removal untimely. Pls.' Mot. 3. Defendants counter that it was only in September 2016—after the Bencivengos sought to file their amended complaint and answered the defendants' Requests for Admission—that defendants became aware "to a legal certainty" that the total amount in controversy exceeded $75,000. Defs.' Mot. 3. Defendants assert that because the initial complaint was not removable on its face and the amended complaint was the first document from which they could "first [ascertain] that the case is one which is or has become removable," the Notice of Removal is timely. Defs.' Mot. 3. Thus, the only grounds upon which defendants have removed the case are the Bencivengos' responses to defendants' request for admission and the amended complaint.

The procedure for removal is governed by 28 U.S.C. § 1446(b), which provides that "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b). The first paragraph of section 1446(b) applies to cases that are removable as initially filed, while the second paragraph applies to cases that although not initially removable, later become removable:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

3

28 U.S.C. § 1446(b). Under section 1446(b), the thirty-day removal clock begins to run when a defendant receives a pleading, motion, or other paper that reveals "on its face" a basis for federal jurisdiction. In Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997), the Fourth Circuit ruled that courts need not inquire into the subjective knowledge of the defendant but instead should "rely on the face of the initial pleading and on the documents exchanged" by the parties to determine when the defendant had notice of the grounds for removal.

Defendants argue that while the Bencivengos' initial complaint sought unspecified consequential and punitive damages, it did not establish "to a legal certainty" that the total amount in controversy exceeds $75,000. Defs.' Mot. 3. A review of the initial complaint demonstrates that the only damages specifically pleaded in the initial complaint were the actual damages of $23,808, although there was also a request for "consequential and punitive damages." Compl. ¶ B. Defendants contend that the inclusion of this unspecified claim for punitive and consequential damages was insufficient on its face to give them a basis for removal. The Bencivengos counter that "[defendants] knew that in South Carolina, a prayer for unspecified damages, infer[s] damages in excess of the $75,000 diversity limit." Pls.' Mot. 3.

This is not an entirely correct restatement of the law. In Hagood v. Electrolux Home Prod., Inc., No. 8-06-1799, 2006 WL 1663804, at *2 (D.S.C. June 15, 2006) this court stated that:

> [While] some courts have found that, when an unspecified amount of damages is claimed, the [amount-in-controversy] is satisfied for purposes of remand unless it appears to a legal certainty that the plaintiff cannot recover damages in excess of $75,000 . . . invocation of the possibility of

4

> actual, consequential, and punitive damages being awarded, without more, is inadequate to establish that the amount in controversy exceeds the jurisdictional amount.

Similarly, in Hamilton v. Ocwen Loan Servicing, LLC, No. 9:12-cv-03111, 2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013), the court held that a "request for punitive damages alone does not show that the jurisdictional minimum has been met." The Hamilton court found that "jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may or may not be met now or at some point in the future." Id. (quoting Hagood, 2006 WL 1663804, at *2). The court follows Hagood and Hamilton and finds that the prayer for unspecified damages in the Bencivengos' initial complaint did not put defendants on notice that the damages would exceed the amount-in-controversy threshold. Accordingly, at the time of filing of the initial complaint in November 9, 2015, the Bencivengos had not pleaded a case that was removable "on the face" of the complaint.

    Courts can "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). This court has held that plaintiff's responses to a request to admit constitute an "other paper" within the meaning of 28 U.S.C. § 1446 for purposes of calculating whether removal was timely. See Mack v. Wal-Mart Stores, Inc, 2007 WL 3177000, at *2 (D.S.C. Oct. 26, 2007) (Holding that the amount-in-controversy was established from plaintiff's responses to requests for admission). Here, the original complaint filed in November 2015 set damages at approximately $23,000 of actual

damages, as well as costs and unspecified punitive damages. The defendants could not ascertain from the original complaint that the Bencivengos were alleging in excess of the $75,000 amount-in-controversy requirement. It is not necessary for the court to determine if the amended complaint or the Bencivengo's response to the request for admission is the first "other paper" from which defendants became aware that they could remove the case. Whether the defendants first received notice that the case was removable on August 23, 2016—when the Bencivengos filed the amended complaint—or September 15, 2016—when the Bencivengos denied the request for admission—defendants removed the case on September 22, 2016, which is within the thirty-day window for removal prescribed by 28 U.S.C. § 1446 for either date.

The only ground that the Bencivengos present to the court to remand this case is that the defendant's removal was untimely. Since the court finds that the defendants' removal was timely, the motion to remand is denied.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to remand.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 16, 2017
Charleston, South Carolina**